Louis I. Kaplan, J.
Defendant Reuben Rose & Co. Inc. moves to dismiss the complaint herein upon the ground that it fails to state a cause of action, and secondly, upon the ground *34 that, the alleged cause of action is barred by the three-year Statute of Limitations.
Plaintiff claims that the corporate defendant committed a breach of contract and that the six-year Statute of Limitations applies.
The corporate defendant, a stockbrokerage firm and its customers’ man, Norman Block, were served with process herein. However, the third-named defendant Arnold Miller, a ‘ ‘ puts ’ ’, “ calls ” and “ straddles ” dealer, was not served with process and does not appear in this action.
The plaintiff Gluck had been prior to December 30, 1963 a customer and an account of the brokerage firm. On that date, he purchased a “ put ” which is a contract giving him an option to sell 100 shares of a certain stock at a specific price within a given period of time (Crusius v. Louchheim, 132 Misc. 520, 521). On the same date, he also purchased a “ call ” which is also a contract giving him an option to buy 100 shares of the same stock at a set price within a given period of time. In this case, he bought both a “ put ” and a “ call ” on the same stock and put himself in the position'of having a “ straddle ”, which he sold to Miller. Both options were for a period of 6 months and 10 days, and at the same price. The customer, in this case the plaintiff, pays a premium to the dealer for each of his contracts.
The holder of the option, whether it is a “ put ” or a “ call ”, has the right of deciding what he will do with it. If he has a “ straddle ”, he may exercise one or both options, or he may exercise one and let the other expire without acting upon it. He may even let both expire by the passing of the period of time stated in the contract. He is not compelled to exercise his option to either buy or sell the stock mentioned in the options. The only loss he incurs if he lets his option expire is the loss of his premium, and in the case of a “ call ” the payment of New York State transfer taxes. (How to Buy Stock, by Louis Engel, pp. 140-143 [1967 ed.]; Understanding Put and Call Options, by Herbert Filer, p. 14.)
“ Puts ” and “ calls ” are not traded on any exchange and stockbrokers refer persons interested in purchasing them to dealers in such contracts. (Crusius v. Louchheim, 132 Misc. 520, 521.) The Securities and Exchange Commission has not seen it necessary to lay down rules to govern the business of “ put ” and “ call ” options. (Understanding Put and Call Options, by Herbert Filer, p. 10.)
It appears that the plaintiff was referred to Miller, a dealer in ‘ ‘ puts “ calls ’ ’ and ‘ ‘ straddles ’ ’, by the corporate defend *35 ant’s customers’ man. The plaintiff now claims that Miller, in the presence of Block, did not properly explain the meaning of the term “ straddle ” to him and that Block remained silent. Plaintiff now also “ upon information and belief ” questions the background and reputation of Miller, and claims that the defendants should have advised him of these facts.
The reverse side of a “put” contract will be signed by a member firm of a Stock Exchange, guaranteeing to the holder of the “put” contract that the stock will be accepted if the holder of the “put” wishes to exercise his option. Similarly the reverse side of a “ call ” contract bears the indorsement or guarantee of a Stock Exchange firm guaranteeing to the holder of the “ call ” that the stock specified in the contract will be delivered to him, at his option, upon presentation of the 1 ‘ call ’ ’ contract. (Understanding Put and Call Options, by Herbert Filer, pp. 20-28 inclusive).
CPLR 214 (subd. 4) requires that an action to recover damages for an injury to property be commenced within three years from the date on which it accrued. Section 25-b of the General Construction Law defines “ injury to property ” as “ an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract.”
In dealing in “ puts ” and “ calls ” and the rights of a customer who purchases such contracts or options, there is a distinct difference as to the rights which he possesses before he exercises his option, and the rights he possesses after he exercises his option. Before he exercises his option, he has a contract with the issuer of the option, and the “ puts ” and “ calls ” dealer merely acts as an intermediary only, without obligation other than to obtain a Stock Exchange firm as an indorser. After he exercises his option, his rights are under the indorsement by the Stock Exchange firm which indorsed his option. The indorsement by the stock exchange firm constitutes a contract between the option holder and the stock exchange firm that, if the ‘ ‘ put ’ ’ option holder exercises his option, it will accept the stock, and if the “ call ” option holder exercises his option the firm will deliver the stock to him upon presentation of the “. call ” contract.
In the case of Grace v. Livingstone (195 F. Supp. 933, 934, affd. 297 F. 2d 836, cert. den. 369 U. S. 871) the court held that after an option holder of a “put” exercised his option, and brought suit against the broker for failing to promptly honor his obligation to purchase specified securities at agreed prices, that the action was in contract. The court held that the broker had no right to interfere with the plaintiff’s speculation by delay *36 in carrying out orders clearly and promptly given (p. 936). Judgment was awarded to the plaintiffs.
In this case, the plaintiff’s complaint does not claim that the brokerage firm had failed to perform its part of the guarantees indorsed on both the “ put ” and “ call ” option contracts. On the contrary, the complaint alleges that he did exercise his option and does not even suggest any wrongdoing by the brokerage firm in regard to its indorsements. The broker therefore had not breached its agreement under the indorsements. The plaintiff has failed to state a cause of action in contract, since in such an action there must be an allegation or allegations that the defendant has failed to perform a specific act or acts required of him.
In reversing a judgment for plaintiff, and dismissing the complaint, the court in Craig v. Pierce (231 App. Div. 159, 162) states: ‘ ‘ The liability of a broker depends upon the particular terms of his instructions, the construction of which, if in writing, is a question for the court.” (Citing authorities.) In the instant case, there is no question raised as to the corporate defendant having carried out its instructions. The plaintiff is attempting to impute liability to the brokerage firm for having referred him to a person whose reputation the plaintiff now questions “ upon information and belief. ’ ’
This case is one which is based upon an “ injury to property ” as it involves an alleged ‘ ‘ actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract.” (General Construction Law, § 25-b.) Such action must be commenced within three years from the date on which it accrued. (CPLR 214, subd. 4.)
Aside from other deficiencies in the plaintiff’s position, the fact remains that the transaction which forms the basis of his complaint occurred on December 30, 1963 and that this action was commenced against the corporate defendant on October 16, 1967. Assuming that the moving defendant and or its agent were negligent in the manner in which they handled this transaction, the most that can be said for the plaintiff’s complaint is that it is an action in tort.
Accordingly, the motion by the defendant Reuben Rose & Co. Inc., for an order dismissing the complaint herein as against it is granted upon the ground that it fails to state a cause of action against the defendant Reuben Rose & Co. Inc., and also upon the further ground that it was commenced more than three years after the date on which it accrued and is barred by the provisions of CPLR 214 (subd. 4).